IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | |
| | Case No.: 21-11337 |
| Vanessa R. Putman FKA Vanessa R Scott | Chapter 13 |
| | Judge Eric L. Frank |
| | * * * * * * * * * * * * * * * * * * |
| Debtor(s) | |
| | |
| Deutsche Bank National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE1 | Date and Time of Hearing |
| | September 14, 2021 at 09:30 a.m. |
| | |
| | Place of Hearing |
| Movant, | U.S. Bankruptcy Court |
| | 900 Market Street, Suite 400, Courtroom #1 |
| vs | Philadelphia, PA, 19107 |
| Vanessa R. Putman FKA Vanessa R Scott | |
| Ronald Putman | Related Document # 23 |
| | |
| William C. Miller, Esq. | |
| Respondents. | |

## STIPULATION FOR SETTLEMENT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY AS TO REAL PROPERTY LOCATED AT 6919 WAXWING PL, PHILADELPHIA, PA 19142-2513 (DOCKET # 23)

This matter coming to be heard on the *Motion for Relief from Stay and Co-Debtor Stay* (Dkt. #23) which was filed in this court by Deutsche Bank National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE1 ("Movant"), by and through its mortgage servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper,, Movant and Vanessa R. Putman FKA Vanessa R Scott by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the month of August 2021, incurring a total post-petition arrearage of $1,950.14, which consists of 1 post-petition payment for August 1, 2021 at $900.14, and attorney fees and costs of $1,050.00.

3. Debtor shall repay the total post-petition arrearage of $1,950.14 directly to the Chapter 13 Trustee who shall then disperse the funds to Creditor.

1

21-015021_SCS2

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the September 1, 2021 post-petition payment.

5. Debtor shall file an amended Chapter 13 Plan wherein the post-petition arrearage for the months of August 2021 is included in the Plan. Debtor shall file the Amended Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant is permitted to file a Supplemental Proof of Claim in the amount of $1,950.14 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments shall be sent to:

    Nationstar Mortgage LLC d/b/a Mr. Cooper
    Attention: Bankruptcy Department
    PO Box 619094
    Dallas, TX 75261-9741

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

    a. Debtor's failure to file an Amended Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

    b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 09/03/2021

BY: /s/ Adam B. Hall
Adam B. Hall (323867)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: abh@manleydeas.com
Attorney for Creditor

Dated: 9/2/21

BY: [signature]
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/ LeRoy W. Etheridge, Esquire  No objection to its terms, without prejudice to any of our rights and remedies
William C. Miller, Esq.
Office of the Chapter 13 Standing Trustee
P.O. Box 40837
Philadelphia, PA 19107

3